Citation Nr: 1714108 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 11-26 620A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for bipolar disorder.

2. Entitlement to service connection for bilateral hearing loss.

3. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

R. Kipper, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1973 to February 1977.

These matters are before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision of the Muskogee, Oklahoma Department of Veterans Affairs (VA) Regional Office (RO).

In June 2015, a Travel Board hearing was held before the undersigned. A transcript of the hearing is associated with the Veteran's claims file.

In August 2015, the Board remanded this case for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

After a thorough review of the Veteran's claims file, the Board has determined that additional evidentiary development is necessary prior to the adjudication of the issues on appeal.

The claims file contains evidence indicating that the Veteran is currently receiving disability benefits from Social Security Administration (SSA). An August 2001 VA treatment record shows that the Veteran reported that he was applying for Social Security disability benefits for bipolar disorder. A May 2010 VA treatment record shows that the Veteran reported that he was receiving Social Security disability benefits. Also of record are inquiries indicating that the Veteran is receiving SSA benefits with a disability onset date of 1999. See October 2015 Share Print Screens. However, there is no indication in the claims file that the AOJ attempted to obtain SSA records. When VA has actual notice of the existence of relevant SSA records, the duty to assist includes requesting those records from the SSA. See Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010) (finding that VA must seek to obtain relevant records under 38 U.S.C. § 5103A when "there exists a reasonable possibility that the records could help the veteran substantiate his claim for benefits"); see also Murincsak v. Derwinski, 2 Vet. App. 363, 370 (1992) (finding VA's duty to assist specifically includes requesting information from other Federal departments). Therefore, on remand, the Veteran's complete SSA records should be obtained.

The record also suggests that there may be relevant VA treatment records that have not been associated with the claims file. Pursuant to the Board's August 2015 remand instructions, the AOJ obtained VA treatment records from the Detroit VAMC dated from October 2011 to April 2013. However, these records reflect that the Veteran was receiving primary care through the Battle Creek VAMC. See November 2011 VA Treatment Record. There are no records from the Battle Creek VAMC associated with the claims file. Records from the Oklahoma VAMC reflect that the Veteran moved to Michigan in January 2011. On remand, the AOJ should obtain all outstanding treatment records from the Battle Creek VAMC dated from January 2011 to the present. 38 C.F.R. § 3.159(c)(2); Bell v. Derwinski, 2 Vet. App. 611 (1992) (observing that any VA treatment records that have been generated up to and including the date of the Board's decision, whether or not filed in the appellant's claims folder, are in the constructive possession of the Board and must be considered).

Regarding the issue of entitlement to service connection for bilateral hearing loss, the Board finds that a VA addendum medical opinion is necessary before the claim can be decided on the merits.

During the Veteran's February 1973 service entrance examination, pure tone thresholds, in decibels, were as follows: 

HERTZ
500 
1000 
2000 
3000 
4000 
RIGHT
20 
5 
5 
/ 
0 
LEFT
80
65
65
/
55

The Veteran was noted to have a pre-existing left ear hearing loss disability.

A July 1974 audiological examination shows pure tone thresholds, in decibels, as follows: 

HERTZ
500 
1000 
2000 
3000 
4000 
RIGHT
25 
20 
20 
10 
20 
LEFT
85
80
75
75
75

A July 1975 audiological examination shows pure tone thresholds, in decibels, as follows: 

HERTZ
500 
1000 
2000 
3000 
4000 
RIGHT
15 
5 
5 
0 
5 
LEFT
85
80
70
55
80

During the Veteran's February 1977 discharge examination, the audiogram reflects that the Veteran's hearing in the right ear was significantly worse than his hearing in the left ear. However, given the previous examination reports of record showing that hearing acuity in the left ear was significantly worse than the right ear, the Board concludes that the values on this February 1977 audiogram were transposed. Therefore, the chart below reflects the values as corrected, with values showing the greater decibel loss assigned to the left ear. 

HERTZ
500 
1000 
2000 
3000 
4000 
RIGHT
20 
5 
5 
5 
5 
LEFT
80
75
75
65
70

The Veteran was afforded a VA audiological examination in March 2016. Following a physical examination of the Veteran and a review of the claims file, the VA examiner determined that the Veteran currently had bilateral hearing loss. 

The examiner opined that the Veteran's right ear hearing loss was less likely as not caused by an event in military service because "review of the cfile shows hearing within normal limits at enlistment and separation with no significant hearing threshold shift." 

Regarding the Veteran's pre-existing left ear hearing loss, the examiner opined that it was not aggravated beyond normal progression in military service because there was "no change in hearing thresholds during military service." 

The Board finds these opinions to be insufficient to allow the Board to determine whether the Veteran is entitled to service connection for bilateral hearing loss. In Hensley v. Brown, 5 Vet. App. 155 (1993), the United States Court of Appeals for Veterans Claims (Court) held that even though a hearing disorder may not have been demonstrated at separation, a veteran may still establish service connection for a current hearing disorder by showing he now has a hearing disorder and by submitting evidence that his current hearing disability is related to his active military service. See also Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). In Hensley, there was an upward shift in threshold levels at some frequencies on an examination for separation and in-service audiometric testing yielded elevated thresholds at some frequencies. Thus, the Court found that the claim could not be denied solely because the hearing loss did not meet the criteria for 38 C.F.R. § 3.385 at separation. Rather, if there were any current hearing loss (by VA standards) it had to be determined whether shifts in auditory thresholds during service represented the onset of any current hearing loss (even if first diagnosed a number of years after service). Thus, a claimant who seeks to establish service connection for a current hearing disability must show, as is required in a claim for service connection for any disability, that a current hearing disability is the result of an injury or disease incurred in service, the determination of which depends on a review of all the evidence of record including that pertinent to service. See 38 U.S.C.A. §§ 1110; C.F.R. §§ 3.303 and 3.304; Hensley, 5 Vet. App. at 159-60.

Here, the VA examiner based his negative nexus opinion regarding the Veteran's right ear hearing loss on the Veteran's normal audiological evaluations at entrance and at separation. However, the Board notes that an audiogram dated in July 1974 appears to show a significant threshold shift when compared to the Veteran's February 1973 entrance examination. The examiner did not address this evidence in rendering a negative nexus opinion. 

Similarly, the VA examiner's rationale regarding the pre-existing left ear hearing loss is inadequate. In this regard, contrary to the examiner's conclusion that there was "no change in hearing thresholds during military service," service treatment records appear to show significant thresholds shifts, not just at service discharge, but also on the July 1974 and July 1975 audiograms, when compared to the Veteran's February 1973 entrance examination. As noted above, the examiner did not address any of this evidence in rendering a negative nexus opinion. 

Accordingly, the claim must be remanded for an addendum opinion with a more complete rationale regarding the etiology of the Veteran's currently diagnosed bilateral hearing loss.

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the Veteran's claims file all outstanding VA treatment records from the Battle Creek VAMC dated from January 2011 to the present.

2. Additionally, request from SSA complete copies of any determination on a claim for disability benefits from that agency, together with the medical records that served as the basis for any such determination. All attempts to fulfill this development should be documented in the claims file. If the search for these records is negative, that should be documented in the claims file, and the Veteran must be informed of this in writing in accordance with 38 C.F.R. § 3.159(e).

3. After the foregoing development has been completed, return the claims file, to include a copy of this remand, to the March 2016 VA examiner for an addendum opinion regarding the Veteran's bilateral hearing loss. If the examiner who drafted the March 2016 opinion is unavailable, the opinion should be rendered by another appropriate medical professional. The need for another examination is left to the discretion of the medical professional offering the addendum opinion.

The claims file and a copy of this Remand must be made available to the reviewing examiner, and the examiner shall indicate in the addendum report that the claims file was reviewed.

Following a review of the claims file, the reviewing examiner should provide an opinion as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that the Veteran's RIGHT ear hearing loss had its onset during service or is causally or etiologically due to in-service noise exposure. 

In so opining, the examiner must do the following:

(a) Review and comment on the July 1974 audiogram which appears to show a significant threshold shift in right ear hearing acuity when compared to the Veteran's initial February 1973 audiogram. 

(b) Explain the significance of the absence or presence of threshold shifts and severity of such threshold shifts in regard to the likelihood military noise exposure caused permanent hearing damage.

(c) Explain the significance of normal hearing in regard to the likelihood military noise exposure caused permanent hearing damage, including addressing theories of delayed/latent onset of hearing loss.

Regarding the pre-existing LEFT ear hearing loss, the examiner should provide an opinion as to whether it is at least as likely as not (i.e., 50 percent probability or greater) that the Veteran's pre-existing left ear hearing loss underwent an increase in severity (i.e., a permanent worsening of the underlying disease as distinguished from a temporary or intermittent flare-up) during his active duty military service.

The examiner must discuss the in-service shift in thresholds shown during the July 1974, July 1975, and February 1977 audiograms. If the examiner determines that there was no increase in severity of the Veteran's pre-existing left ear hearing loss, a complete rationale for that opinion must be provided. 

If the Veteran's pre-existing left ear hearing loss did increase in severity during service, the examiner must opine as to whether there is clear and unmistakable evidence that such increase in severity is due to the natural progress of the condition.

The examiner's report must reflect consideration of the Veteran's entire documented medical history and assertions and all lay evidence, particularly the Veteran's statements regarding the onset of hearing loss symptoms. Any opinion expressed by the VA examiner should be accompanied by a complete rationale. If the VA examiner is unable to offer an opinion without resorting to speculation, a thorough explanation as to why an opinion cannot be rendered should be provided.

4. Thereafter, the RO/AMC must review the claims file to ensure that the foregoing requested development has been completed. In particular, review the requested examination reports and medical opinions to ensure that they are responsive to and in compliance with the directives of this remand and if not, implement corrective procedures. See Stegall v. West, 11 Vet. App. 268 (1998).

5. Following the completion of the foregoing, the RO/AMC should readjudicate the Veteran's claim. If the claim is denied, supply the Veteran and his representative with a supplemental statement of the case and allow an appropriate period of time for response. Thereafter, the claims folder should be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)











This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).